IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV268 |
| | ) | |
| v. | ) | |
| | ) | |
| HONG'S, INC., HONG'S, INC. II,<br>HONG'S, INC. III, HONG'S, INC. IV,<br>and HONG ZHENG, Individually, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

The plaintiff has moved to strike the defendants' demand for a jury trial.  (Filing No. 11).  The plaintiff asserts the complaint alleges a claim for injunctive relief under § 217 of the Fair Labor Standards Act, (FLSA).  29 U.S.C. § 217.  Specifically, the plaintiff seeks an order restraining the defendants from withholding back wages and enjoining the defendants from future violations of the FLSA.  The plaintiff therefore argues the complaint alleges an action for equitable relief only, and the defendants are not entitled to a jury trial.

The defendants' right to a jury trial depends upon which FLSA cause of action the Secretary decides to pursue. "Actions for injunctive relief under § 217 are equitable in nature even though they may result in an order of back pay, thus the defendant has no right to a jury trial." Martin v. Deiriggi, 985 F.2d 129, 134 (4th Cir. 1992).  "Every court to consider the issue . . . . has held that there is no constitutional right to a jury trial in a § 217 action."  In re Don Hamilton Oil Co., 783 F.2d 151, 151 -152 (8th Cir. 1986) (citing Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Clifton D. Mayhew, Inc. v. Wirtz, 413 F.2d 658 (4th Cir.1969); Paradise Valley Investigation & Patrol Services, Inc. v. United States District Court, 521 F.2d 1342 (9th Cir.1975); Wirtz v. Robert E. Bob Adair, Inc., 224 F.Supp. 750 (W.D. Ark. 1963)).  See also Reich v. Tiller Helicopter Services, Inc., 8 F.3d 1018 (5th Cir. 1993); Brock v. Superior Care, Inc, 840 F.2d 1054, 1063 (2d Cir 1988).

The defendants argue that the plaintiff is seeking monetary relief, including recovery of interest and prejudgment interest, and therefore they have a Seventh Amendment right to a jury trial. Monetary relief is not necessarily "legal" relief. Curtis v. Loether, 415 U.S. 189, 196 (1974). A monetary award which is incidental to or intertwined with injunctive relief may be equitable in nature. "Damages awarded for losses not fully cured by equitable relief are 'exactly the type of monetary relief that courts . . . envision as equitable relief; they are incidental to the grant of equitable relief, yet are necessary to afford complete relief.'" Entergy Arkansas, Inc. v. Nebraska 358 F.3d 528, 546 (8th Cir. 2004)(holding the defendant was not entitled to a jury trial; the Commission's claim to recover monetary relief the funds and work expended to a pursue license, along with accrued prejudgment and post-judgment interest, was a claim in equity).

Although the plaintiff seeks monetary relief, the complaint does not allege a legal remedy. Consistent with the longstanding and uniform court rulings on the issue, the plaintiff's claim for relief under § 217 of the FLSA is an action in equity. The defendants are not entitled to a trial by jury.

Accordingly,

IT IS ORDERED that the plaintiff's motion to strike the defendant's jury demand, (filing no. 11), is granted.

DATED this 5th day of December, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.